UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-04020-MWC-AGR                                                    Date: May 20, 2025

Title     Holly Arlena Vaughan v. Quicken Loans Inc. *et al.*

Present: The Honorable:     Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order DENYING Plaintiff's motion to remand (Dkt. 23) and MOOTING Plaintiff's motion to strike (Dkt. 35)**

Before the Court is an ex parte application to remand and request for sanctions filed by Plaintiff Holly Arlena Vaughan ("Plaintiff"). Dkts. # 23 ("*App.*"), 28 ("*Mot.*"). Defendants Quicken Loans, Inc. ("Quicken Loans") and Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Nationstar") opposed. Dkts. # 30 ("*QL Opp.*"), 33 ("*NS Opp.*"). Plaintiff replied to each opposition. Dkts. # 35 ("*Reply to QL Opp.*"), 38 ("*Reply to NS Opp.*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **DENIES** the application to remand.[1]

I.     Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at

---

[1] Nationstar filed a request for judicial notice in support of its opposition to Plaintiff's ex parte application. Dkt. # 31. Plaintiff filed a motion to strike Nationstar's request for judicial notice in combination with its reply to Quicken Loan's opposition. Dkt. # 35. Because the Court does not consider the request for judicial notice, Plaintiff's motion to strike is **MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-04020-MWC-AGR | Date: May 20, 2025 |
| Title   Holly Arlena Vaughan v. Quicken Loans Inc. *et al.* | |

any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

II.   Discussion

   A.   Ex Parte Request for Remand

   As a threshold matter, Plaintiff filed this request for remand as an ex parte application. "Ex parte applications are solely for extraordinary relief, are rarely granted, and should be used with discretion." Dkt. # 13. While requests for remand are typically heard as noticed motions, the Court has authority to remand to state court on an ex parte basis. *See, e.g.*, *No Doubt v. Activision Pub'g, Inc.*, 702 F. Supp. 2d 1139 (C.D. Cal. 2010) (granting ex parte application for remand). Plaintiff's application is procedurally improper; indeed, Plaintiff does not explain the basis to move for emergency relief. In any event, given its "independent obligation" to ensure that it does not "exceed the scope of [its] jurisdiction," the Court will analyze whether removal was proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

   B.   Subject Matter Jurisdiction

   Among other things, Plaintiff forwards that this Court lacks subject-matter jurisdiction because there is no federal question or diversity jurisdiction. *See Mot*. In the complaint, Plaintiff asserts twelve causes of action against Quicken Loans, Nationstar, and Flagstar Bank, N.A. ("Flagstar"): (1) quiet title; (2) violation of the Truth in Lending Act ("TILA"); (3) violation of Cal. Civ. Code § 2934; (4) violation of the California Consumer Financial Protection Plan; (5) declaratory relief pursuant to Cal. Civ. Code §§ 90000 *et seq.*; (6) declaratory relief pursuant to Cal. Civ. Code § 1060; (7) breach of contract; (8) breach of implied covenant of good faith and fair dealing; (9) negligence; (10) constructive fraud; (11) unjust enrichment; and (12) waiver of deficiency. *See* Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-04020-MWC-AGR | Date: May 20, 2025 |
| Title   Holly Arlena Vaughan v. Quicken Loans Inc. *et al.* | |

# 1-1, Ex. A.  The Court has federal question jurisdiction over this action because the complaint alleges a TILA claim.  *See Wright v. JPMorgan Chase Bank, N.A.*, No. 4:16-CV-5155-EFS, 2017 WL 3634075, at *4 (E.D. Wash. Feb. 2, 2017); *Reynolds v. Homecomings Fin. Network, Inc.*, No. 3:11-CV-910-RCJ-VPC, 2012 WL 2953053, at *4 (D. Nev. Jul. 18, 2012).  The Court also has supplemental jurisdiction over the state law claims at issue as they "form part of the same case or controversy" as the TILA claim.  28 U.S.C. § 1367.

Plaintiff contends that state-law claims predominate and therefore the Court does not have subject matter jurisdiction.  *Mot.* at 4:3–10.  Not so.  First, exercising supplemental jurisdiction is within the Court's discretion.  *See* 28 U.S.C. § 1367.  Second, the Court finds that the state-law claims do not predominate.  *See Ahmmed v. Bank of Am. N.A.*, No. C 12-00789 JSW, 2012 WL 1997825, at *2 (N.D. Cal. Jun. 4, 2012) (denying motion to remand where plaintiff asserted seventeen causes of action, which included TILA and similar state law claims).  Accordingly, the Court rejects Plaintiff's argument.

### C. Removal Procedural Concerns

Plaintiff contends that there are various procedural violations: (1) lack of consent by Flagstar; (2) removal after default; and (3) untimely consent by Nationstar.  *Mot.* at 4:16–5:1.  The Court disagrees. As to consent, the Ninth Circuit has recognized that "[o]ne defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient [to satisfy the requirement for consent to removal]."  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).  Nationstar has satisfied this requirement in the notice of removal.  *NOR* ¶ 6.  Furthermore, as to "removal after default," Plaintiff contends that Quicken Loans and Nationstar defaulted in the underlying state court action on May 6, 2025.  *Mot.* 4:22–26.  But, as reflected on the Court's docket, the notice of removal was filed on May 5, 2025. *See NOR*.  At that point, the state court lacked jurisdiction.  *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2019 WL 1551672, at *5 (N.D. Cal. Apr. 10, 2019) ("[N]otice of removal, whether timely or not, divests the state court of jurisdiction (at least until the case is remanded).").  Accordingly, the Court finds that there are no procedural deficiencies in the removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-04020-MWC-AGR                                                    Date: May 20, 2025

Title      Holly Arlena Vaughan v. Quicken Loans Inc. *et al.*

III.   Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand.[2]

**IT IS SO ORDERED.**

                                                                                    :
                                                        **Initials of Preparer**   TJ

---

[2] In its opposition, Nationstar requests sanctions against Plaintiff. The Court **DENIES** the request due to procedural deficiencies. *See Smith v. Premiere Valet Servs., Inc.*, No. 2:19-cv-09888-CJC-MAA, 2020 WL 7034346, at *14 (C.D. Cal. Aug. 4, 2020) ("Courts in this and other districts have concluded that a request for affirmative relief is not proper when raised for the first time in an opposition.") (collecting cases).